# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv020

| | |
|---|---|
| ANGELA R. SHEPPARD, ) </br>) </br>Plaintiff, ) </br>) </br>vs. ) </br>) </br>MICHAEL J. ASTRUE, ) </br>COMMISSIONER OF SOCIAL ) </br>SECURITY, ) </br>) </br>) </br>Defendant. ) </br>_____ ) | **MEMORANDUM OF** </br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on the parties' cross Motions for Summary Judgment [Docs. 6 and 12], the Magistrate Judge's Memorandum and Recommendation [Doc. 15], the Defendant's Objections thereto [Doc. 16], and the Plaintiff's Reply to Defendant's Objections [Doc. 17].

Pursuant to 28 U.S.C. § 636(b) and a specific Order of referral of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider these pending motions and to submit to this Court a recommendation for the disposition of these motions.

On March 28, 2011, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 15] in this case containing proposed conclusions of

law in support of a recommendation regarding the motions [Docs. 6 and 12]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. Within the period for filing objections, the Defendant filed his Objection to the Memorandum and Recommendation. [Doc. 16]. The Plaintiff replied, urging the Court to accept the Memorandum and Recommendation in its entirety. [Doc. 17].

Having been fully briefed, this matter is now ripe for review.

## I. BACKGROUND

The Defendant does not lodge any specific objections to the facts or administrative history section contained in the Memorandum and Recommendation, and, upon careful review, the Magistrate Judge's statement of the relevant factual and procedural background appears to be substantially supported by the record. Therefore, the portions of the Memorandum and Recommendation entitled "Administrative History" and "Factual Background" are hereby adopted and incorporated by reference as if fully set forth herein.

## II. STANDARD OF REVIEW

The district court has authority to assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate

2

Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985); Camby, 718 F.2d at 200.

### III. DISCUSSION

The Defendant's single specific objection is to the relief that the Magistrate Judge recommends, namely, remand with the instruction to calculate and award benefits to the Plaintiff. [Doc. 16 at 2]. In support of his objection, the Defendant argues that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." [Id. at 1 (quoting I.N.S. v. Orlando Ventura, 537 U.S. 12, 16,

3

123 S.Ct. 353, 154 L.Ed.2d 272 (2002))].

The statute governing review in Social Security cases authorizes the Court to reverse the Commissioner's decision "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). As the Fourth Circuit has explained, this statute gives the Court authority to remand for the immediate award of benefits "where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." Breeden v. Weinberger, 493 F.2d 1002, 1012 (4th Cir. 1974); accord Kalmbach v. Comm'r of Soc. Sec., 409 F. App'x 852, 865 (6th Cir. 2011) ("Benefits may be awarded only where the proof of disability is strong, and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming.").

In the present case, the Magistrate Judge concluded that the record does not contain substantial evidence to support the ALJ's determination of Plaintiff's credibility. The Commissioner makes no specific objection to this conclusion, and the Court finds this conclusion to be correct. Accordingly, the only issue left for the Court to decide is whether "reopening the record for more evidence would serve [any] purpose" in this case. See Breeden, supra.

4

In concluding that the ALJ erred in his credibility determination, the Magistrate Judge determined that the ALJ failed to afford the Plaintiff an opportunity to explain the inconsistency between her testimony and a prior statement of daily activities which the ALJ found to be discrediting [Doc. 15 at 15]; that he failed to consider the substantial medical evidence regarding the progression of Plaintiff's pain since her prior statement was made [Id. at 15-16]; and that the ALJ failed to inquire whether Plaintiff had "good reasons" for no longer seeking medical treatment or taking prescription pain relievers, such as her ability to afford health insurance or to pay for medical expenses out-of-pocket [Id. at 18]. The ALJ's erroneous credibility determination arises mainly out of his failure to develop an adequate record, thereby leaving these aforementioned factual issues regarding Plaintiff's credibility yet to be resolved. In light of these unresolved factual issues, the Court agrees with the Defendant that this case should be remanded for a rehearing instead of an immediate award of benefits. See Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 176 (6th Cir. 1994) (noting that benefits should be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits").

## IV. CONCLUSION

For the preceding reasons, the Court finds that the Magistrate Judge

5

was correct in concluding that there is not substantial evidence in the record to support the ALJ's credibility analysis. Accordingly, the Court accepts the Magistrate Judge's recommendation that the Commissioner's decision should be reversed. Because the Court concludes that this matter should be remanded for rehearing, the Magistrate Judge's recommendation of an remand for the immediate award of benefits is rejected.

## ORDER

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Objection [Doc. 16] is **SUSTAINED**, and the Magistrate Judge's Memorandum and Recommendation [Doc. 15] is **ACCEPTED IN PART** and **REJECTED IN PART**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 6] is **GRANTED**; the Defendant's Motion for Summary Judgment [Doc. 12] is **DENIED**; and this case is **REVERSED AND REMANDED** for further proceedings, consistent with this opinion.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED**.

Signed: September 14, 2011

Martin Reidinger
United States District Judge